IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| United States of America | ) | |
| | ) | Cr. No. 6:02-1358-HMH |
| vs. | ) | C.A. No. 6:06-757-HMH |
| | ) | |
| Timothy G. Craig, | ) | **OPINION AND ORDER** |
| | ) | |
| Movant. | ) | |

This matter is before the court on Timothy G. Craig's ("Craig") motion to alter or amend ("motion to reconsider") the court's summary dismissal of Craig's motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. Craig argues that, under Rule 59(e) of the Federal Rules of Civil Procedure, the court's judgment must be altered to account for new evidence not previously available and to correct a clear error of law, citing Pacific Insurance Co. v. American National Fire Insurance Co., 148 F.3d 396, 403 (4th Cir. 1998). (Craig's Mot. Recons. 1, 3.)

Craig filed his § 2255 motion on March 9, 2006, alleging that he had received ineffective assistance of counsel at trial, at sentencing, and in being advised to voluntarily withdraw his appeal. Craig also argued that the Government had wrongly failed to file a motion under Rule 35(a) of the Federal Rules of Criminal Procedure. The Government filed its response on April 23, 2006. On April 26, 2006, the court summarily dismissed Craig's § 2255 motion ("April Order").

In his motion to reconsider, Craig submits a letter from his attorney, Michael MacKinnon ("MacKinnon"), in which MacKinnon suggests that the Government will file a Rule 35 motion and that a pending appeal may negatively impact any benefit that Craig would

1

receive from such a motion. (Mot. Recons. Ex. 2 (Letter from MacKinnon to Craig of 3/18/05).) In the letter, MacKinnon writes,

> [Y]ou are apparently going to receive a Sentence Reduction pursuant to Rule 35. You must consider whether or not there would be conflicting benefits which may result in a detriment to you in the event we file the Appeal and the Appeal is pending while at the same time, seeking a Sentence Reduction. It may very well be a consideration of the Judge when considering the Sentence Reduction in the event the appeal is pending.

(Id.) In the letter, MacKinnon further states, "I do not know what the basis of your appeal will be," further suggesting his view that Craig's appeal would be without merit. (Id.) The Government has not filed a Rule 35 motion on Craig's behalf, and Craig's time to file a notice of appeal expired long ago. Craig asserts that he relied on MacKinnon's erroneous suggestion that a Rule 35 motion was forthcoming, which rendered Craig's dismissal of his appeal involuntary and ultimately resulted in him losing his right to pursue his direct appeal. See United States v. Peak, 992 F.2d 39, 41 (4th Cir. 1993) (explaining that those "convicted in federal district courts have a right to a direct appeal" and that the attorney of such a defendant is obligated "to file the appeal and identify issues for the court even if, in the attorney's opinion, those issues are not meritorious."). After a careful review of the evidence, out of an abundance of caution, the court grants Craig's motion to reconsider in part, vacates Craig's sentence of conviction, and immediately reinstates and reimposes Craig's conviction to allow him to appeal his conviction and sentence.

Craig also relies on the language quoted above to support his claim that the Government breached an oral promise to him to file a Rule 35 motion ("Rule 35 claim"). Notably, Craig's argument in his motion to reconsider is not that the Government promised him, either orally or in writing, that it would file a Rule 35 motion (and then failed to uphold that promise). Rather,

based on MacKinnon's statement, Craig speculates that the Government must have promised MacKinnon that it would file a Rule 35 motion, and the letter shows that "the government has more likely than not breached an oral agreement." (Mot. Recons. 6-7.) However, Craig's argument does not refute the Government's contention that it retained discretion over whether to file a Rule 35 motion and that "Craig did not cooperate fully prior to sentencing and any information he did provide to DEA and FBI agents did not rise to the level of substantial assistance." (Govt.'s Resp. Opp'n § 2255 Mot. 6-7.) All the letter shows is that MacKinnon thought that Craig may benefit from a Rule 35 motion. After reviewing the evidence and the relevant law, the court denies Craig's motion to reconsider the finding in the April Order that Craig's Rule 35 claim is without merit.

3

It is therefore

**ORDERED** that Craig's motion to reconsider is granted in part and denied in part.  It is further

**ORDERED** that Craig's § 2255 motion is granted in part, his sentence is vacated, and his judgment of conviction is immediately reimposed and reinstated with the date of imposition of judgment being the filing date of this order.

**IT IS SO ORDERED**.

s/Henry M. Herlong, Jr.
United States District Judge

Greenville, South Carolina
May 22, 2006

### NOTICE OF RIGHT TO APPEAL REIMPOSED JUDGMENT OF CONVICTION

The movant is hereby notified that he has **TEN (10)** days from the filing date of this order in which to file a notice of intent to appeal his <u>judgment of conviction</u>, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.  Failure to meet this deadline will waive the right to appeal. The notice immediately below relates only to movant's right to appeal this order and should not be confused with the ten-day period in which to file a notice of intent to appeal the judgment of conviction.

### NOTICE OF RIGHT TO APPEAL

The movant is hereby notified that he has the right to appeal <u>this order</u> within sixty (60) days from the date hereof pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.