IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| United States of America, | ) | Cr. No. 6:02-1358-HMH |
| | ) | |
| vs. | ) | |
| | ) | **OPINION & ORDER** |
| Timothy G. Craig, | ) | |
| | ) | |
| Movant. | ) | |

This matter is before the court on Timothy G. Craig's ("Craig") motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. For the reasons given below, the court summarily dismisses Craig's motion.

## I. Factual and Procedural Background

On November 3, 2004, Craig was found guilty after a jury trial of conspiracy to distribute or possess with the intent to distribute crack cocaine. Craig was sentenced to two hundred ninety-two (292) months' imprisonment on March 8, 2005. Craig appealed his conviction and sentence on March 22, 2005. However, Craig moved to dismiss his appeal and the United States Court of Appeals for the Fourth Circuit dismissed the appeal on June 27, 2005. On March 9, 2006, Craig filed a § 2255 motion alleging that his counsel was constitutionally ineffective for advising him to voluntarily withdraw his appeal. This court summarily dismissed Craig's motion on April 26, 2006, finding that Craig did not receive constitutionally ineffective assistance of counsel and he failed to allege that the Government acted with an unconstitutional motive in not filing a Rule 35(b) motion for substantial assistance. (April 26, 2006 Order 6-7.) On May 15, 2006, Craig filed a motion to reconsider the court's summary dismissal of his

1

§ 2255 motion and on May 22, 2006, the court granted Craig's motion in part by vacating his sentence and immediately reimposing and reinstating his sentence to allow him to appeal his conviction and sentence. Craig filed a pro se motion to withdraw the other claims raised in his § 2255 motion on May 30, 2006.[1] On June 7, 2006, the court denied Craig's motion as moot as the claims in his § 2255 motion were adjudicated on the merits.

Craig appealed his conviction, and the United States Court of Appeals for the Fourth Circuit affirmed his conviction on November 8, 2007. United States v. Craig, No. 06-4559, 2007 WL 3302111, at *2 (4th Cir. Nov. 8, 2007) (unpublished). Craig filed the instant § 2255 motion on May 14, 2009, alleging that he was improperly sentenced as a career offender pursuant to U.S.S.G. § 4B1.1 because his failure to stop violation does not qualify as a violent felony in light of Begay v. United States, 128 S. Ct. 1581, 1581 (U.S. 2008). (Craig Mem. Supp. § 2255 Mot. 1.)

## II. DISCUSSION OF THE LAW

Craig alleges that "he is actually innocent of the sentence he received . . . pursuant to a recent Supreme Court ruling [that] held that priors that supported career offender enhanced sentences had to include the element of intent to inflict or cause harm." (Craig Mem. Supp. § 2255 Mot. 1.) Craig requests that the court "(1) find that he is actually innocent of "career offender" status; (2) "find that he is eligible for the two point reduction pursuant to Amendment 706" of the United States Sentencing Guidelines ("U.S.S.G."); and (3) "vacate [his] present sentence and impose an adjusted sentence of 135 months." (Id. at 16-17.)

---

[1] Houston v. Lack, 487 U.S. 266 (1988).

As an initial matter, the court must determine whether Craig's instant § 2255 motion is successive pursuant to 28 U.S.C. § 2255(h). "There is no question that [Craig's] proposed habeas petition is, numerically, his second one. However, it is settled law that not every numerically second petition is a 'second or successive' petition." In re Williams, 444 F.3d 233, 235 (4th Cir. 2006). In In re Williams, the Fourth Circuit held that

> [i]f a [federal] habeas petitioner . . . files an application for collateral relief that raises a successful appeal claim and additional claims, any subsequent petition will be considered "second or successive" if (a) the district court ruled on the merits of the additional claims in the initial petition, and (b) the petitioner seeks to raise those claims again in the subsequent petition.

444 F.3d at 236. In his previous § 2255 motion, Craig raised additional grounds aside from his request for a direct appeal. The court ruled on the merits of the additional grounds. Craig, however, does not raise any of the previously adjudicated grounds in the instant § 2255 motion.[2] Accordingly, the court finds that the instant § 2255 motion is not successive.

However, the instant § 2255 motion is time-barred. See 28 U.S.C. § 2255(f). Pursuant to § 2255(f),

> [a] 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of–
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

---

[2] Craig raises an issue regarding a 2008 decision by the United States Supreme Court. Thus, it is impossible that he could have raised the instant claim in his previous § 2255 motion.

> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

The Fourth Circuit affirmed Craig's conviction on November 8, 2007. Craig filed the instant § 2255 motion on May 14, 2009. Craig's conviction became final for purposes of § 2255's one-year statute of limitations ninety days after the Fourth Circuit's affirmation of his conviction. United States v. Sosa, 364 F.3d 507, 509 (4th Cir. 2004); see also Clay v. United States, 537 U.S. 522, 525 (2003) ("For the purpose of starting the clock on § 2255's one-year limitation period, we hold, a judgment of conviction becomes final when the time expires for filing a petition for certiorari contesting the appellate court's affirmation of the conviction.").

In addition, Craig's motion is time-barred under § 2255(f)(3). Craig alleges that Begay announced a new rule that is retroactive to his case. In Begay, the United States Supreme Court held that under New Mexico's Driving Under the Influence statute, the crime of driving under the influence "falls outside the scope of the Armed Career Criminal Act's clause (ii) 'violent felony' definition." 128 S. Ct. at 1587. According to the court, "[i]n determining whether [a] crime is a violent felony, we consider the offense generically, that is to say, we examine it in terms of how the law defines the offense and not in terms of how an individual offender might have committed it on a particular occasion." Id. at 1584. "[S]tatutes that forbid driving under the influence . . . typically do not insist on purposeful, violent, and aggressive conduct; rather, they are, or are most nearly comparable to, crimes that impose strict liability, criminalizing

4

conduct in respect to which the offender need not have had any criminal intent at all." Id. at 1586-87.

In light of the Supreme Court's decision in Begay, the Fourth Circuit has held that a conviction for failure to stop for a blue light is not a violent felony unless the violation is "intentional and without justification." United States v. Roseboro, 551 F.3d 226, 242 (4th Cir. 2009). At the time of Craig's indictment, conviction, and sentencing, failure to stop for a blue light was a violent felony. United States v. James, 337 F.3d 387, 390 (4th Cir. 2003). "[A] new rule is not made retroactive to cases on collateral review unless the Supreme Court holds it to be retroactive." Tyler v. Cain, 533 U.S. 656, 663 (2001). The United States Supreme Court has not made Begay retroactive to cases on collateral review. Therefore, because Craig's case is on collateral review and the holding announced in Begay has not been held by the United States Supreme Court to be retroactive to cases on collateral review, Craig's claim is time-barred.

Generally, the court may not dismiss a motion under § 2255 as untimely sua sponte without affording the movant the opportunity to explain why the statute of limitations under § 2255 should be equitably tolled to allow him to proceed. See Hill v. Braxton, 277 F.3d 701, 707 (4th Cir. 2002); United States v. Sexton, No. 02-6273, 2003 WL 601443, at *1 (4th Cir. Feb. 28, 2003) (unpublished) (applying Hill to a petition brought under § 2255). However, the court may dismiss the motion as untimely if it is "indisputably clear from the materials presented to the district court that the petition is untimely and cannot be salvaged by equitable tolling principles . . . ." Hill, 277 F.3d at 707. It is indisputably clear that Craig's motion is untimely because Begay has not been applied retroactively to cases on collateral review.

It is therefore

**ORDERED** that Craig's § 2255 motion, docket number 650, is dismissed.

**IT IS SO ORDERED**.

                                                  s/Henry M. Herlong, Jr.
                                                  United States District Judge

Greenville, South Carolina
June 10, 2009

### NOTICE OF RIGHT TO APPEAL

The Movant is hereby notified that he has the right to appeal this order within sixty (60) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.