IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| United States of America | ) | |
| | ) | Cr. No. 6:02-1358-HMH |
| vs. | ) | |
| | ) | **OPINION & ORDER** |
| Timothy G. Craig, | ) | |
| | ) | |
| Movant. | ) | |

This matter is before the court on Timothy G. Craig's ("Craig") pro se motions for relief from judgment pursuant to Rule 60(b) of the Federal Rules of Civil Procedure, filed October 15, 2012, and October 24, 2012, respectively. On June 10, 2009, the court dismissed Craig's 28 U.S.C. § 2255 motion as untimely. For the reasons set forth herein, the court denies Craig's motion for relief from judgment.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On November 3, 2004, Craig was found guilty after a jury trial of conspiracy to distribute or possess with the intent to distribute crack cocaine. Craig was sentenced to two hundred ninety-two (292) months' imprisonment on March 8, 2005. Thereafter, Craig filed a § 2255 motion on May 14, 2009, alleging that he was improperly sentenced as a career offender pursuant to U.S.S.G. § 4B1.1 because his previous conviction for failure to stop for a blue light does not qualify as a violent felony in light of Begay v. United States, 553 U.S. 137 (2008). (Craig Mem. Supp. § 2255 Mot. 1, ECF No. 650.) The court held that Craig's § 2255 motion was time-barred because although his § 2255 motion had been filed within a year of the ruling in Begay, the ruling had not been made retroactively applicable to cases on collateral review by the United States Supreme Court. See Tyler v. Cain, 533 U.S. 656, 662-63 (2001) (holding that under

1

§ 2244(b)(2)(A), which contains almost identical language to § 2255(f)(3),[1] the limitations "requirement is satisfied only if [the Supreme Court] has held that the new rule is retroactively applicable to cases on collateral review"). Therefore, § 2255(f)(3) did not apply. Since Begay, however, the Fourth Circuit has held that in evaluating a first § 2255 motion, lower federal courts can determine whether a new rule is retroactive to cases on collateral review under § 2255(f)(3). United States v. Thomas, 627 F.3d 534, 536-37 (4th Cir. 2010). As a result, Craig moves the court for relief pursuant to Rule 60(b) of the Federal Rules of Civil Procedure, and requests that the court determine "whether or not Begay should be applied retroactively on collateral review." (Craig Mot. Relief J. 4, ECF No. 726.)

## II. Discussion of the Law

Rule 60(b) "invest[s] federal courts with the power in certain restricted circumstances to vacate judgments whenever such action is appropriate to accomplish justice." Compton v. Alton S.S. Co., 608 F.2d 96, 101-02 (4th Cir. 1979) (internal quotation marks omitted). "The remedy provided by the Rule, however, is extraordinary and is only to be invoked upon a showing of exceptional circumstances." Id. at 102. Rule 60(b) "does not authorize a motion merely for reconsideration of a legal issue." United States v. Williams, 674 F.2d 310, 312 (4th Cir. 1982). "Where the motion is nothing more than a request that the district court change its mind . . . it is not authorized by Rule 60(b)." Id. at 313. In his motion, Craig argues that in light of Thomas, the court erred in failing to determine whether Begay is retroactive to cases on collateral review.

---

[1] 28 U.S.C. § 2255(f)(3) ("A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from . . . the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review.").

2

Craig submits that if the court had properly considered this issue, it would have determined that Begay is retroactive. Thus, Craig argues that the § 2255 motion was timely under § 2255(f)(3) because he filed it within a year of the Supreme Court decision in Begay.

In Begay, the Supreme Court held that under New Mexico's Driving Under the Influence statute, the crime of driving under the influence "falls outside the scope of the Armed Career Criminal Act's clause (ii) 'violent felony' definition."[2] 553 U.S. at 148. According to the Court, "[i]n determining whether [a] crime is a violent felony, we consider the offense generically, that is to say, we examine it in terms of how the law defines the offense and not in terms of how an individual offender might have committed it on a particular occasion." Id. at 141. "[S]tatutes that forbid driving under the influence . . . typically do not insist on purposeful, violent, and aggressive conduct; rather, they are, or are most nearly comparable to, crimes that impose strict liability, criminalizing conduct in respect to which the offender need not have had any criminal intent at all." Id. at 145. In Chambers v. United States, 555 U.S. 122 (2009), the Supreme Court "made clear . . . that courts must apply the categorical approach [outlined in Begay] to determine whether a conviction is [a violent felony]. Varying from that approach is only appropriate where different types of behavior satisfy an element of the offense and the proscribed behaviors constitute at least two separate crimes . . . ." United States v. Rivers, 595 F.3d 558, 562-63 (4th Cir. 2010). Based upon the Court's rulings in both Begay and Chambers, the Fourth Circuit held in Rivers "that under no circumstance is a violation of South Carolina's blue light statute a violent felony under the ACCA." 595 F.3d at 560. In his initial § 2255 motion, Craig challenged

---

[2] Both an armed career criminal under 18 U.S.C. § 924(e) and a career offender under U.S.S.G. § 4B1.1 require the commission of a predicate offense involving either a crime of violence or a controlled substance offense.

3

his status as a career offender because one of his predicate offenses for career offender status, failing to stop for a blue light, no longer qualifies as a violent felony.

In Thomas, the Fourth Circuit held "that § 2255(f)(3) does not require that the initial retroactivity question be decided *only* by the Supreme Court." 627 F.3d at 536. Instead, the Thomas court followed the lead of other circuits in holding that district courts and courts of appeals can make the retroactivity decision for purposes of determining the timeliness of a first § 2255 motion under § 2255(f)(3). See id. at 536-37. Thus, in accordance with the holding in Thomas, the court will determine whether the rulings in Begay and Chambers apply retroactively on collateral review. See United States v. Swinton, 333 F.3d 481, 486-87 (3rd Cir. 2003) (concluding that "the [language] of § 2255 allows district courts and courts of appeals to make retroactive decisions" and that this "may be essential to put the question before the Supreme Court for final resolution").

Generally speaking, "collateral review is ordinarily available to correct violations of long-established rights, but not to overturn the outcomes in cases where the trial judge and jury faithfully applied existing law." United States v. Powell, 691 F.3d 554, 557 (4th Cir. 2012) (internal quotation marks omitted). "Stated differently, well-established legal rules – old rules – are applicable on collateral review, while new rules generally are not." Id.; see also United States v. Mathur, 685 F.3d 396, 399 (4th Cir. 2012) ("[N]ew rules of constitutional law are generally not applicable to those cases which have become final before the new rules are announced." (internal quotation marks omitted)). "The strong presumption against retroactive application of new rules of constitutional law is necessary to protect the principle of finality which is essential to the operation of our criminal justice system . . . ." Mathur, 685 F.3d at 399.

4

Nevertheless, Teague v. Lane, 489 U.S. 288 (1989), "and its progeny have identified two exceptional situations in which new legal rules ought to be applied retroactively." Powell, 691 F.3d at 557. "The first allows for the retroactive application of new *substantive* rules," and "[t]he second exception provides a narrow possibility of retroactivity for new procedural rules, but its scope is far more restricted than the exception for substantive rules." Id. at 558. "A rule is substantive rather than procedural if it alters the range of conduct or the class of persons that the law punishes." Schriro v. Summerlin, 542 U.S. 348, 353 (2004). Substantive rules include "decisions that narrow the scope of a criminal statute by interpreting its terms, as well as constitutional determinations that place particular conduct or persons covered by the statute beyond the State's power to punish." Thomas, 627 F.3d at 537. "In contrast, rules that regulate only the *manner of determining* the defendant's culpability are procedural." Schriro, 542 U.S. at 351. "New procedural rules apply retroactively to cases on collateral review only if they fall within the small set of watershed rules of criminal procedure implicating the fundamental fairness and accuracy of the criminal proceeding." Thomas, 627 F.3d at 537 (internal quotation marks omitted). New substantive rules, however, "generally apply retroactively." Id.

The rule established in Begay and Chambers that courts are to use a categorical approach to examine the generic offense of which the defendant has been convicted in order to determine whether the offense is violent in nature for purposes of the ACCA and one's career offender status is not substantive. Regardless of whether South Carolina's law prohibiting one from failing to stop for a blue light is determined to be a violent offense or not, this determination does not alter the range of conduct or the class of persons that the law punishes. For Craig, "the only effect of Begay and Chambers is on the calculation of his sentencing guidelines." United States

v. Nelson, No. 03-cr-175-bbc, 2010 WL 547531 at *2 (W.D. Wis. Feb. 12, 2010) (unpublished). As Begay and Chambers do not impact what actions or persons the law punishes, the rule of law is not substantive.

Similarly, the rule established in Begay and Chambers does not fall within the small set of watershed rules of criminal procedure implicating the fundamental fairness and accuracy of the criminal proceeding. "[A] new procedural rule should apply retroactively if it is implicit in the concept of ordered liberty and if, without the procedure, the likelihood of an accurate conviction is seriously diminished." Mathur, 685 F.3d at 399 (internal quotation marks omitted). "This exception is extremely narrow," however, "as it is reserved only for watershed rules implicating fundamental fairness." Id. (internal quotation marks omitted). A rule related only to the sentencing guidelines calculation does not fundamentally improve the fairness or accuracy of the criminal process. McReynolds v. United States, 397 F.3d 479, 481 (7th Cir. 2005). Here, the rule set forth in Begay and Chambers only pertains to the calculation of Craig's sentencing guidelines as it merely provides instruction on how to evaluate whether a generic offense qualifies as a crime of violence in determining his career offender status. The rule does not present any risk of an unreliable verdict or implicate the fundamental fairness of a criminal proceeding, and thus, as a procedural rule, is not retroactive to cases on collateral review. Therefore, the court finds that the rule asserted by the Supreme Court in Begay and Chambers is not retroactively applicable to cases on collateral review. Based on the foregoing, as the court found in the June 10, 2012 Order, Craig's initial § 2255 motion was untimely under § 2255(f)(3). Thus, Craig's motion is denied.

Therefore, it is

**ORDERED** that Craig's motions for relief from judgment, docket numbers 726 and 727, are denied.

**IT IS SO ORDERED**.

                                        s/Henry M. Herlong, Jr.
                                        Senior United States District Judge

Greenville, South Carolina
October 30, 2012

### NOTICE OF RIGHT TO APPEAL

The Petitioner is hereby notified that he has the right to appeal this order within sixty (60) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.